UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFERS' RESERVE FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, <br><br> Plaintiffs, <br><br> vs. <br><br> JERRY & SONS ROOFING AND REMODELING, INC., an Illinois corporation, <br><br> Defendant. | CASE NO.: 19-CV-2527 <br><br> JUDGE: <br><br> MAG. JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND *et al*., by and through their attorneys JOHNSON & KROL, LLC, and complain of the Defendant JERRY & SONS ROOFING AND REMODELING, INC. ("JERRY & SONS") as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the

CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFERS' RESERVE FUND, and the NATIONAL ROOFING INDUSTRY PENSION PLAN (collectively the "TRUST FUNDS") are administered at 2021 Swift Road, Suite B, Oak Brook, IL 60523, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("LOCAL 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("PROMOTIONAL FUND") is a labor management cooperation committee that is administered in Westchester, Illinois.

5. ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("INDUSTRY FUND") is an industry improvement fund administered in Hillside, Illinois.

6. JERRY & SONS is an Illinois corporation with its principal place of business in Chicago, Illinois.

## COUNT I
## BREACH OF CONTRACT

7. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. JERRY & SONS is a member of the CRCA and agreed to assign its bargaining rights to the CRCA.

9. Through its membership in the CRCA and assignment, JERRY & SONS agreed to be bound by the terms of the SWA. (A copy of the SWA in effect for the period of June 1, 2011 through May 31, 2015 is attached as **Exhibit 1**); (A copy of the SWA in effect for the period of June 1, 2015 through May 31, 2018 is attached as **Exhibit 2**).

10. Pursuant to the terms and conditions set forth in the SWA, JERRY & SONS also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

11. Pursuant to the Trust Agreements, the Trustees adopted the Employer Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

12. The provisions of the SWA, Trust Agreements, and Collection Procedures require JERRY & SONS to make monthly reports of hours worked by bargaining unit employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND for each hour worked pursuant to the SWA at the negotiated rate. The monthly remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to the SWA and properly executed dues check-offs cards, employers are required to deduct $0.93 as dues for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to LOCAL 11 on a monthly basis. The monthly remittance reports and dues during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to timely submit their

monthly remittance reports and contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND, and dues to LOCAL 11, on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

15. The SWA contains a clause which prohibits JERRY & SONS from using non-union subcontractors to perform work within LOCAL 11's trade and territorial jurisdictions.

16. In order to verify compliance with the SWA, Trust Agreements, and Collection Procedures, the TRUST FUNDS, the INDUSTRY FUND, the PROMOTIONAL FUND and LOCAL 11 may perform a payroll compliance audit of an employer at any time.

17. The TRUST FUNDS, the INDUSTRY FUND, the PROMOTIONAL FUND and LOCAL 11's auditor performed an audit of JERRY & SONS financial books and records for the period of August 1, 2013 through June 30, 2016 which revealed that JERRY & SONS owes the TRUST FUNDS, the INDUSTRY FUND, the PROMOTIONAL FUND and LOCAL 11 an aggregate amount of $418,400.28, itemized as follows:

| Type: | Amount Owed: |
|---|---|
| Contributions and Wage Assessments | $356,717.08 |
| Liquidated Damages | $35,671.71 |
| Interest | $26,011.49 |
| **Total:** | **$418,400.28** |

18. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from JERRY & SONS.

19. Plaintiffs have complied with all conditions precedent in bringing this suit.

20. JERRY AND SONS is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That this Honorable Court enter an Order in favor of the Plaintiffs and against JERRY & SONS in the amount of $418,400.28 for contributions, liquidated damages, and interest as revealed by the audit for the period of August 1, 2013 through June 30, 2016;

B. That this Honorable Court enter an Order in favor of Plaintiffs and against JERRY & SONS for any amounts discovered to be owed by JERRY & SONS to Plaintiffs in addition to those in Paragraph A above;

C. That JERRY & SONS be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the SWA, the Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D); and

D. That Plaintiffs have such other relief as the Court may deem just and equitable all at JERRY & SONS cost, pursuant to 29 U.S.C. § 1132(g)(2)(D).

Respectfully Submitted,

**ROOFERS' PENSION FUND *et al*.**

/s/ Matthew D. Grabell – 6312929
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, Illinois 60606
(312) 757-5469
grabell@johnsonkrol.com